## E. H. STAFFORD MANUFACTURING COMPANY v. WICHITA SCHOOL SUPPLY COMPANY ET AL.

No. 5372.   Decided February 5, 1930.
(23 S. W., 2d Series, 695.)

*Bonner, Bonner & Fryer, Phillips, Trammell, Chizum & Price,* and *E. S. McCord,* for appellant.

There was no power or jurisdiction in the trial court to extend the court term in this case, such action being contrary to both the letter and spirit of the statute because at the time of the entry of the extension order the regular term of court lacked two days of being expired and the trial of the case was not in progress (the judgment having been rendered and the trial finished about two months before said order was entered) whereas according to the letter of the statute such an extension order can only be entered "whenever a District Court shall be *in the midst of the trial* of a cause when the time for the expiration of the term of said court arrives"; and it is insisted that the spirit of said statute contemplates relief only where there is an unfinished trial in progress at the expiration of the term.   Clearly the spirit and purpose of said statute is not to permit (as both the trial court and the court of Civil Appeals have assumed) the extension of a court term in a case where the trial is not in progress, merely to permit the trial

court to hear and determine an amended motion for new trial filed two days before the term expired. Therefore, the first question certified must be answered in the negative. Com. v. MacLellan, 121 Mass., 31; Alexander v. State, 204 S. W., 644; Sharp v. State, 160 S. W., 369; Watts v. Watts, 95 N. E., 1107; Sutherlin v. State, 49 N. E., 947; Jefferson v. Williams, 286 S. W., 615; Knight v. State, 267 S. W., 983; Cory v. Richardson, 191 S. W., 568; Frick-Reid Supply Co. v. Jones, 286 S. W., 650; Drane v. Humble Oil & Refining Co., 4 S. W. (2d) 241; G. C. & S. F. Ry. Co. v. Muse, 109 Texas, 352; Stephenson v. Nichols, 286 S. W., 197; Van Slyck v. Lawyers Co-op. Pub. Co., 10 S. W. (2d) 1016; State v. Harris, 107 S. E., 466; 15 Corpus Juris, 886, 887; 7 R. C. L., 988, 989; 4 Words and Phrases (3rd) 146.

The rule that there is no relief against a mistake of law never applies where the opposite party induces or contributes to the mistake, because such a harsh and arbitrary rule will always be modified whenever possible without defeating the policy of the rule. Moreland v. Atchison, 19 Texas, 303; Morrill v. Graham, 27 Texas, 646; Ramey v. Allison, 64 Texas, 697; Smith v. Jones, 192 S. W., 795; Lange v. Binz, 281 S. W., 626.

Appellee is in no position to take advantage of the mistake of law on appellant's part, if there was such a mistake, because it impliedly waived the mistake when its counsel approved the record on the writ of error as he did; in other words, if there was mistake or error in suing out the writ of error it was invited by appellee and no complaint can now be made with reference to such error. Grafton v. Meikleham, 246 Fed., 737; Smalley v. Paine, 102 Texas, 304; Herbert and Wight v. Coffee, 148 S. W., 346; Lester v. Riley, 157 S. W., 458; M. K. T. Ry. Co. v. Jordan, 2 S. W. (2d) 312; G. C. & S. F. Ry. Co. v. McMahan, 20 S. W., 954.

*Smoot & Smoot,* for appellees.

The District Court having jurisdiction to enter such order extending its term, the force of such order can not be called into question in this collateral manner but must be attacked by a direct proceeding to set it aside. Ex Parte McKay, 199 S. W., 639; Martin v. Burns, 80 Texas, 676; 23 Cyc., 1055.

Since it was not contemplated that appellant should *urge his own fault* as grounds for dismissing his own appeal to *his own advantage,* the fact that such appellant was given additional time to present *his own motion* for new trial cannot be offered by him as grounds for *dismissing his own appeal.* Hugo v.

Seffel, 92 Texas, 414; Wandelohr v. Grayson Nat'l Bank, 90 S. W., 180; Llano Cotton Oil Co. v. Reed, 136 S. W., 505.

The trial of the case at bar was not concluded until the motion for new trial was overruled and the orders with reference thereto entered, which was on July 5th, at which time the appeal was regularly perfected. Gulf C. & S. F. Ry. Co. v. Muse, 109 Texas, 352; Stephenson v. Nicholson, 286 S. W., 197; Drane v. Humble Oil & Ref. Co., 4 S. W. (2nd), 241.

The failure of counsel to file the transcript can not be excused by their mistake of law. Moreland v. Atchison, 19 Texas, 303; Scott v. Slaughter, 80 S. W., 643; United States v. Ames, 25 U. S., L. Ed., 301; Scottish U. & Natl. Ins. Co. v. Clancy, 44 S. W., 482.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

Certified questions from the Court of Civil Appeals for the Second District as follows:

"In the above styled cause which is pending in this court on appeal from the District Court of Wichita County, we deem it advisable to certify to your decision the questions hereinafter propounded which arise upon the following statement disclosed by the record in said cause, and the decision of which is material in the disposition of this appeal:

"The appellee, Wichita School Supply Company, recovered a judgment against appellant, E. H. Stafford Manufacturing Company, on April 27, 1928, said judgment being in the sum of $17,245.37, and was rendered at the April term of said court. The said term of said court thereafter expired by operation of law on June 30, 1928. Appellant's amended motion for new trial was duly filed in said court on June 28, 1928, at which time said district court entered an order whereby the said April term of said court was extended until July 7, 1928; said order not reciting that the trial of said cause was in progress on said June 28, 1928, but expressly recites that the said term of court was extended for the purpose of permitting the court to pass and act upon the said motion for new trial. Thereafter, on July 5, 1928, the court entered a formal order overruling said motion for new trial, said order reciting that the said defendant gave notice of appeal to this court. The appellant was a non-resident of Wichita County, and thereafter on August 2, 1928, filed a proper appeal bond in said trial court, but did not thereafter file the record in this court on

said purported appeal. On October 1, 1928, the said appellant sued out a writ of error in said district court and thereby proceeded to appeal from the aforesaid judgment by prosecuting its said writ of error to this court; said writ of error proceeding being in all respects regular and in compliance with the statutes, and the record on said writ of error was thereafter duly lodged in this court on December 22, 1928; in said writ of error proceeding said appellant also filed a proper writ of error bond. On December 17, 1928, the said appellee filed in this court its motion to affirm on certificate, which said motion was granted on original hearing by this court and said judgment affirmed as therein prayed for, all of which will more fully appear from our opinion rendered in disposing of the motion which will be forwarded with the certificate.

"Appellant thereafter duly filed its motion for rehearing, which motion is sworn to by one of appellant's attorneys. In appellant's reply to appellee's said motion to affirm on certificate, the contention is made, and which we find to be true, that counsel for appellant in good faith construed the extension order in question to be invalid, and that, hence, its attempted appeal was of no force, for the reason that its appeal bond had not been filed within time, and therefore no appeal could have been abandoned by appellant's action in suing out the writ of error. In its verified motion for rehearing, appellant's counsel also contends that the record on the writ of error would have been filed in this court within the requisite 90 days period allowed by law but for the fact that appellee's counsel delayed and neglected to approve the bills of exception on the writ of error until after the time allowed by law for filing the transcript in the court on appeal had expired, and that therefore the delay or neglect of appellee's counsel had contributed to and induced appellant's delay in lodging the record in this court within 90 days from August 2, 1928. Appellee has filed no reply to that motion. This court's attention is further directed, by appellant's counsel, to the recent case of Reynolds v. McMan Oil Co., 11 S. W. (2d) 778, wherein it is held that a mistake of law on the part of an attorney is of no legal effect where it operates as a surrender of substantial rights of the client, and it is insisted that under that decision the mistake of appellant's counsel, if any, should not operate to cut off appellant's statutory right to its writ of error.

"Appellant's motion for rehearing of our judgment granting appellees' motion to affirm on certificate is now pending in this court for determination.

"Upon the foregoing statement, we respectfully certify to your Honors the following questions:

"1. Did the trial court have jurisdiction to extend the April term of court to July 7, 1928, under the circumstances related above, in order to hear and determine the amended motion for new trial filed June 28, 1928?

"2. If the foregoing question be answered in the affirmative, then will the mistake of appellant's counsel in reaching a contrary conclusion and to thereafter abandon its attempted appeal and prosecute and perfect the writ of error be a sufficient showing of good cause to defeat appellee's application to affirm the judgment on certificates?"

Article 1923, R. S. 1925, under which the term of the district court was attempted to be extended, reads as follows:

"Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed. If the term is extended as herein provided, no term of court in any other county shall fail because thereof. * * *"

Appellant insists that the trial court was without jurisdiction to extend the term of court because at the time of the entry of the extension order the regular term of the court lacked two days of being expired, and the trial of this case was not in progress, the judgment having been rendered and the trial proper finished more than two months prior to the entry of such order.

It is appellee's view that the court was in the midst of the trial within the contemplation of the statute until the judgment had become final by the overruling of the motion for new trial, and that even if the court was without power to extend the term under the conditions existing, its order is not void and could only be assailed in a direct proceeding.

The Supreme Court is of the view that its decision in Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 207 S. W., 897, requires an affirmative answer to the first question. For this reason we recommend that it be so answered.

The second question should be answered in the negative.

That appellant's counsel mistakenly construed the statute is not a sufficient showing of good cause to defeat appellees' application to affirm the judgment on certificate.

The rule is too elementary to require the citation of authority that all persons are conclusively presumed to know the law. Our decision in Reynolds v. McMann Oil & Gas Co., 11 S. W. (2d) 778, does no violence to this ancient rule, the holding merely being that expressions of opinion as to the law of a case by counsel are not binding either on client or court.

We recommend that the questions submitted be answered as herein indicated.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.