## SMILEY et al. v. CITY OF GRAHAM et al.
### No. 12401.

Court of Civil Appeals of Texas. Fort Worth. Dec. 20, 1930.

Rehearing Denied Feb. 7, 1931.

Fred T. Arnold, of Graham, and Davidson, Doss & McMahon, of Abilene, for appellants.

S. A. Penix, of Graham, for appellees.

DUNKLIN, J.

W. M. Smiley and wife and Jason Mayes and wife, plaintiffs in the trial court, have appealed from a judgment denying them an injunction restraining the defendants, City of Graham and its officers, from using an alley adjoining their property for the purpose of draining through it storm waters from the surrounding vicinity, and also denying the issuance of a mandatory writ requiring the city to restore the alley to its condition existing prior to certain work already done by the city for the purpose noted.

The case was tried on its merits without a jury, and the trial judge filed findings of fact and conclusions of law, which are as follows:

"1. Plaintiffs, W. M. Smiley and wife, Jessie L. Smiley, and Jason Mayes and wife, Annie P. Mayes, presented their petition in this cause to me on the 26th day of February, 1930, seeking to restrain the defendants, The City of Graham, A. B. Eddleman, Mayor thereof, C. B. Hockaday, A. A. Morrison, T. O. Calvin and R. M. Williams, Aldermen of said City of Graham, and J. P. Tackett, City Engineer of said City, by injunction, from excavating a certain alley running east and west across Block No. 46 of the February 1907 Addition to the City of Graham, Texas, hearing on which petition was set down for March 13th, 1930, by me and due notice of which hearing on said petition was given the defendants. The hearing on said application or petition for injunction by plaintiffs was heard by the court on the 13th and 14th days of March, A. D. 1930, and the injunction prayed for in plaintiffs' petition was denied and refused by the court after having heard the pleadings and evidence on trial of said cause.

"2. I find from the evidence that plaintiffs, W. M. Smiley, and wife, Jessie L. Smiley, owned Lot 9 in said Block No. 46 of February 1907 Addition to the City of Graham, Texas, and that plaintiffs, Jason Mayes and wife, Annie P. Mayes, owned lots numbers 22, 23, 24, 25 and the north half of lot 26 in said block No. 46, at the time said petition was presented to me and at the time of the trial hereof.

"3. I find that the alley running east and west across said block 46 about the center thereof is a public alley, dedicated to the use of the public as such, and that the said defendant, The City of Graham, was at the time said petition was presented to me, grading and excavating said alley so as to drain the surface waters accumulating in the vicinity of said block No. 46 and east of said block 46, but that the said defendant had practically completed the excavating of said alley at the time it was served with notice of said hearing on said petition of the plaintiffs and upon the service of notice of the filing of plaintiffs said petition and the setting of a hearing thereof by the court, said defendant ceased work on said alley pending the hearing thereof,

"4. I find from the evidence that the defendant, City of Graham, intended to fix and improve the said alley in controversy, extending east and west across center of said block No. 46, so that it could be used by the abutting property owners as well as the public and in fact so as it would be in better condition for use in wet weather than before it was excavated as complained of by the plaintiffs and that such improvement was in progress when the defendants herein were served with notice of the filing of plaintiffs said petition and the hearing thereon set down by the court.

"5. I further find that the excavating of said alley as was done by the defendant, The City of Graham, was necessary in order to drain the vicinity on and around said block No. 46 of the accumulating water which stood in pools thereon and damaged the property of others who owned property in said block 46 and greatly menaced the health of those residing near same, and that the said defendant, The City of Graham, was striving to improve the conditions existing in the vicinity of ·said block No. 46 by properly draining same and endeavoring to drain the surface waters accumulating and flowing over and across said property.

"6. I find that the plaintiffs have not been deprived of the use of said alley by reason of the excavating of the same and that the proper use of said alley has not been impaired or destroyed through said block No. 46, but that the excavation or work done thereon by the defendant, City of Graham, was in pursuance of a plan of draining and caring for the surface waters accumulating on and in the vicinity of said alley and adjoining property, and that the work done on said alley, when completed will leave said alley in good condition for use by the said property owners and the public generally.

"7. I find that the City of Graham is an incorporated town and was incorporated as a town of over 5000 population under the laws of the State of Texas and has for years been functioning as such and that the defendant, ·City of Graham has for years been exercising supervision and control over the streets and alleys of said city, grading and draining same from time to time as necessary and required for the public safety and good of its citizens.

"8. That the plaintiffs have not sustained any damages whatever by reason of the alleged excavation or work done on said alley up to the present time and that they have not been ·deprived of the reasonable use thereof.

### "Conclusions of Law.

"1. The defendant, City of Graham, had the right to do the excavating work it did do through said alley in question in order to properly drain the surface waters accumulating in the vicinity thereof under the facts and circumstances as disclosed by the evidence in this case.

"2. The plaintiffs are not entitled to the relief sought by them under the facts and circumstances in this case.

"3. The excavation of the alley in question and work thereon as contemplated by the defendant, City of Graham, when completed, will not deprive plaintiffs of the use thereof nor interfere with the reasonable use thereof by the public."

We believe it quite apparent from the findings of the court that plaintiffs waived their right to the injunctive relief prayed for, if any they ever had, by waiting until defendant city, at considerable expense, had practically finished the work before filing the suit; their only remedy then remaining being action at law for damages sustained, if any. Brown v. Fleming (Tex. Com. App.) 212 S. W. 483; Pope v. S. A., U. & G. Ry. Co. (Tex. Civ. App.) 20 S.W.(2d) 356; Anderson v. City of San Antonio (Tex. Civ. App.) 26 S.W.(2d) 353, and other authorities there cited.

Furthermore, the finding of the court that plaintiffs have suffered no damages and have not been deprived of the use of the alley in question as formerly enjoyed as a result of the work done by the city is a further complete bar to plaintiffs' suit; it being a fundamental rule of equity that, as a primary predicate for relief by injunction, plaintiff must show that, as a result of the threatened act on the part of the defendant, he will not only suffer an injury, but that he has no adequate legal remedy therefor. 14 R. C. L. p. 330, par. 32, p. 339. And it is a further rule that, in the hearing of an application for injunction, the court will consider the inconvenience and damage that will result to the defendant as well as the benefit that will accrue to the plaintiff if the writ is granted, and plaintiff will be left to an action at law for redress of his grievance if it appears that the writ will operate oppressively or contrary to the real justice of the case as against the defendant. This rule applies with special force to plaintiffs' prayer for a mandatory writ compelling the city to restore the alley to its former condition after the city had, at considerable expense, practically completed its work in the preparation of the alley for the purpose intended. 14 R. C. L. p. 357, par. 60.

The findings of fact by the trial judge had sufficient support in the evidence, and those findings and the court's conclusions of law based thereon are adopted as the findings and conclusions of this court, and all of appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.