**KEITH et al. v. CONNALLY.**

No. 13189.

Court of Civil Appeals of Texas. Fort Worth.

June 28, 1935.

Rehearing Denied Sept. 6, 1935.

Rice M. Tilley, Joe Ingraham, Wilson Johnson, Jr., and Wayne R. Howell, all of Fort Worth, for appellants.

Billingsley & Billingsley and E. C. Pannell, all of Fort Worth, for appellee.

BROWN, Justice.

Appellee is the relict of J. P. Connally, deceased. She sued Henry Zweifel and Ben E. Keith, appellants, for the balance due on a note, which she found in her late husband's effects, executed by appellants.

Appellants answered, pleading payment in that Ben E. Keith, who was the manager and substantial owner of Ben E. Keith Company (successor to Harkrider-Keith-Cooke Company), made an oral contract with the late J. P. Connally, who was the manager of the Metropolitan Hotel Company (owned largely by Connally), whereby the debt owed by Keith and Zweifel to Connally would be credited on the hotel company's account, owing to Keith's company, and the indebtedness thus transferred from Keith and Zweifel to the hotel company, of which Connally was a large owner and manager.

Zweifel also pleaded that he had paid one-half of the note, which reduced it to the present balance, and prayed, in the event of judgment against him, for judgment over against Keith.

The case was tried to the court, who, after hearing the evidence, gave judgment for Mrs. Connally against Keith and Zweifel, and in turn judgment for Zweifel against Keith, for a like sum.

The trial court filed findings of fact and conclusions of law, from which we set out the following: That Keith was an officer of his company, and Connally the manager of his, and that Keith was law-

fully authorized to act for his company; that Keith occupied a room at the hotel and had a personal account with it; that the hotel purchased the greater portion of its produce and supplies from Keith's company. We quote the following: "I further find that on or about the 22nd day of April, 1932, Ben E. Keith and J. P. Connally had some sort of agreement whereby Ben E. Keith was to give credit on the hotel company's account with Ben E. Keith Company for the amount of the note and that J. P. Connally was to be paid a like amount by the Metropolitan Hotel Company."

The court then finds that the credit was not actually made on the books of Keith's company, and that Connally was never paid by the hotel company; but finds that the bookkeeper for Connally's hotel company made an entry on the hotel company's "journal" showing the agreement; and that the hotel company was then heavily in debt; and "that on July 15, 1932, approximately three months after such agreement, and fourteen days before the death of J. P. Connally, there was a payment made on the said note of $133.30."

The court concluded as follows: "I conclude, as a matter of law, that the burden being on the defendant to prove payment by a preponderance of the evidence, and such burden not having been discharged, and the payment not having been shown, that the plaintiff is entitled to recover on the note sued upon."

The fact findings made by the trial court conclusively establish the plea of payment, and the erroneous conclusions of law, entered by the trial court, are ineffectual to destroy the fact findings.

The hotel company's bookkeeper testified that he credited Connally's account with the hotel with the balance on the note at Connally's request, at the time Connally told him of the agreement had with Keith; that at one time Connally told him he had been paid the interest on the note.

The inhibition set forth in article 3716, R. C. S., closed the mouths of Keith and Zweifel, and neither could testify to any conversation with, or transaction had with, Connally.

There was a novation and a complete extinguishment of the note and indebtedness owed by Keith and Zweifel. Farmers' State Bank v. Cottingham (Tex.

Civ. App.) 261 S. W. 426; Miller v. Deahl (Tex. Civ. App.) 239 S. W. 679.

It follows that the judgment of the trial court in favor of appellee against Keith and Zweifel must be, and is, by us reversed, and judgment here rendered that appellee take nothing as against said appellants, and that the judgment of the trial court in favor of Zweifel over against Keith be likewise reversed and rendered for appellant Keith.

Reversed and rendered.