**Donald L. HOYT et al., Appellants,**

v.

**Walter N. GEIST et ux., Appellees.**

No. 14062.

Court of Civil Appeals of Texas.

Houston.

Jan. 24, 1963.

· Sonfield & Sonfield, Robert L. Sonfield, Robert L. Sonfield, Jr., Houston, for appellants.

Collins & Moore, Fred A. Collins, Houston, for appellees.

COLEMAN, Justice.

This is a suit brought by Donald L. Hoyt and Harry Dodd, individually and as representatives of a class, to enjoin Walter N. Geist and his wife, Luana Geist, from conducting a business at the premises owned by them in Brae Burn Terrace, a subdivision in Harris County, Texas, which they allege constitutes a violation of subdivision restrictions. This appeal has been taken from a judgment denying injunctive relief.

The trial court filed findings of fact and conclusions of law. There is no attack on the finding that defendants knew when they purchased their property that among the restrictions imposed on the subdivision there was one reading: "All tracts in said addition shall be used for single family private residence only."

Walter Geist testified that he was conducting the business of an electrical contractor on his property. He testified that he does mostly maintenance work and that he does not repair electrical appliances as a business. He testified that he has constructed a 30′ by 60′ building behind his residence, which is divided into a main shop and three 10′ by 12′ rooms. He uses one of the rooms for an office, one is equipped as a kitchen, and the other as a bedroom for his daughter's use on visits. In the shop room he keeps a lathe, drill press, welding equipment, buffers, polishers, sprays and hand tools. He keeps materials for use in his business in the shop although most of the material for a job is ordered from a supplier and delivered to the job site. Most of his business is conducted on the job site although he works in his shop on occasions. He has few business visitors. He conducts business over his telephone

which is listed in his business name, Geist Electric Company. He does not maintain an office away from his home. The shop and machinery therein are used primarily as a hobby shop.

The trial court found that the activities of defendants do not constitute or threaten to become an annoyance, nuisance, or inconvenience to the neighborhood and that such activities do not amount to a substantial violation of the residential restrictions.

The trial court also found that "residents in the immediate neighborhood of plaintiffs engage in activities closely similar to the complained-of activities of defendants and did so for several years prior to January 16, 1960, with no protest having been made."

█ While the covenant with which we are concerned provides that the property can be used for "single family private residence only," an injunction will not issue unless there is a substantial violation of the covenant.

In Southhampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516, the Supreme Court of Texas held: " * * * the renting of a room or rooms in a private residence, which is merely incidental to its use as a family residence, does not violate a restriction limiting the use of the property to a single-family residence."

In Protestant Episcopal Church Council v. McKinney, 339 S.W.2d 400, Tex.Civ. App., writ ref., where the court had before it the question of whether the use of property as a residence and for purposes other than a residence violated a covenant restricting use to residence purposes only, the approach made by the court to the problem is significant. The court said:

"The language of the restrictive covenant is not ambiguous. It prohibits the use of the property for any purpose except 'for residence purposes only'. There has been no abandonment of the restriction. The findings of fact and the evidence show the usage of the property by appellant to be 'first, residence therein by either a Priest or Postulant for Holy Orders'. This use is not in violation of the restriction but it is not the 'only' use that appellant makes of its property. Additional uses, as above set out, are such that it is apparent that appellant's use of its property is not limited to 'residence purposes only'. Such additional uses are at least technical violations of the restrictive covenant. These additional uses are not incidental to the use of the property as a residence but are the principal uses for which appellant maintains the property. The question presented is whether under all the circumstances this is such a breach that appellees are entitled to injunctive relief."

█ In this case the trial court, by finding no material violation of the restrictions, and refusing a requested finding to the effect that the restrictions had been violated by appellees, has found in effect that the use made of the property for business purposes was incidental to its use as a residence. The use made of the premises by appellee was unobtrusive and resulted neither in appreciable damage to appellants' property or to neighboring property nor inconvenience, annoyance, or discomfort to appellants or to neighboring residents. The business use is reasonably incidental to residential use and constitutes a nominal or inconsequential breach of the covenant. Moore v. Stevens, 90 Fla. 879, 106 So. 901, 43 A.L.R. 1127.

In Protestant Episcopal Church Council v. McKinney, supra, the court held:

"The general rule is that to entitle a petitioner to injunctive relief there must be established an actual and substantial injury or an affirmative prospect thereof. 43 C.J.S. Injunctions § 22, p. 439; Smiley v. City of Graham, Tex.Civ.App., 37 S.W.2d 289; Sanitary Appliance Co. v. French, Tex.Civ. App., 34 S.W.2d 673; Gambrell v.

Chalk Hill Theatre Co., Tex.Civ.App., 205 S.W.2d 126, (Ref. N.R.E.); Hinton v. D'Yarmett, Tex.Civ.App., 212 S.W. 518.

"However, an exception to the above stated general rule is found in cases holding that a covenant restricting the use of land may be enforced by injunction where a distinct or substantial breach is shown, without regard to the amount of damages caused by the breach, and that in such cases it is not necessary to show the existence of any particular amount of damages or to show that the injury will be irreparable. See 43 C.J.S. Injunctions § 87, p. 585; Evangelical Lutheran Church of Ascension of Snyder v. Sahlem, 254 N.Y. 161, 172 N.E. 455; Johnson v. Mt. Baker Park Presbyterian Church, 113 Wash. 458, 194 P. 536.

"Although the existence or extent of damages in such cases is not controlling, it is material, and must be shown in order to come within the exception, that there is a distinct and substantial breach of the restrictive covenant. In our opinion the evidence supports the conclusion that the breach of the restrictive covenant in the instant case is a distinct and substantial one. It therefore comes within the exception to the general rule."

The evidence in this case failing to show damage, annoyance or inconvenience to the named plaintiffs or the neighboring property owners, does not establish a distinct and substantial breach of the restrictive covenant. Injunctive relief, therefore, was properly denied, even though the defendant's testimony established as a matter of law a technical breach of the use covenant.

Appellant has presented 27 points of error complaining either of the findings of fact and conclusions of law filed by the trial court or of the failure of the trial court to make requested findings of fact and conclusions of law. The second point of error reads: "The trial court erred in its 11th finding of fact." We are unable to determine from this point whether appellant contends that there is no evidence, or insufficient evidence, to support the trial court's finding of fact, or whether it is his contention that the finding is contrary to the great weight and preponderance of the evidence. When we consider the argument under the point and the prayer for relief, we conclude that it is a no evidence point. *"No Evidence"* and *"Insufficient Evidence"* Points of Error, 38 Tex.Law Review, pp. 361–372. All other points relating to the findings of fact made by the trial court are worded in the same manner, and we conclude that they are also "no evidence" points. Since the findings of fact filed by the trial court are supported by evidence of probative force, these points are overruled.

The trial court concluded as a matter of law that the plaintiffs were not entitled to the requested permanent injunction. For the reasons stated in this opinion this conclusion was correct. Any erroneous conclusions of law would be ineffectual to destroy the findings of fact. Keith v. Connally, 85 S.W.2d 788, Tex.Civ. App. Erroneous conclusions of law or conflicts between conclusions of law, do not require reversal where a proper judgment is rendered. Rule 434, Texas Rules of Civil Procedure.

The trial court is required to file findings of fact when requested on ultimate and controlling facts only. Golden State Mutual Life Insurance Company v. Adams, 340 S.W.2d 77, Tex.Civ.App.; Tijerina v. Botello, Tex.Civ.App., 207 S.W. 2d 136. The failure of the trial court to file additional findings of fact and conclusions of law requested by appellants was not harmful error since such findings or elements thereof were disposed of directly or indirectly by the conclusions of law and findings of fact filed by the court. Wentz v.

Hancock, Tex.Civ.App., 236 S.W.2d 175, error ref.; Wade v. Taylor, Tex.Civ.App., 228 S.W.2d 922.

The judgment of the trial court is affirmed.