Henry A. MORRIS et al., Appellants,

v.

A. E. REAVES et al., Appellees.

No. A2009.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 4, 1979.

Rehearing Denied April 25, 1979.

Fred A. Collins, Darryle L. J. Fanelli,
Houston, for appellants.

T. D. Smith, Smith & Lamm, Houston,
for appellees.

Before MILLER, PRESSLER and SALA-
ZAR, JJ.

MILLER, Justice.

This is an appeal from a denial of a tempo-
rary injunction.  Appellants, plaintiffs be-

low, brought this suit in District Court to enjoin the Montgomery County Sheriff from proceeding with a Sheriff's sale of a parcel of land in Montgomery County. The execution under which the Sheriff was to proceed was regular on its face having been issued by the 164th District Court of Harris County, Texas in cause no. 1,106,039 styled *Credit Alliance Corporation v. James H. Logan.*

The chronology of the events leading up to the suit for the temporary injunction is as follows:

(1) Prior to April 12, 1977, James H. Logan was owner in fee simple of the real property situated in Montgomery County, Texas which is made the subject matter of this suit.

(2) April 12, 1977, a default judgment was entered in favor of Credit Alliance Corporation against James H. Logan signed by Judge Max W. Boyer as presiding Judge of 164th District Court of Harris County, Texas.

(3) May 5th, 1977, an abstract of this judgment was filed in the official judgment records of Montgomery County, Texas and properly and timely indexed in the direct and reverse indexes.

(4) August 15, 1977, an order setting aside the aforesaid default judgment was signed and rendered by Judge Thurman Gupton as presiding Judge in the 164th Judicial District Court of Harris County, Texas.

(5) October 21, 1977, the subject property was conveyed from James H. Logan to Henry A. Morris, one of the appellants in this case.

(6) October 21, 1977, the order of August 15, setting aside the default judgment was filed and recorded in the property records of Harris County, Texas.

(7) November 2, 1977, the same order was filed and recorded in the property records of Montgomery County, Texas.

(8) November 2, 1977, the general warranty deed from Logan to Morris of the subject property was filed and recorded in the deed records of Montgomery County, Texas.

(9) December 1, 1977, an order setting aside the order of August 15, 1977, was signed and entered by Judge Gupton stating that the court was without jurisdiction to enter the August 15, 1977 order. [This was not recorded in the real property records of either Montgomery or Harris County, Texas.]

(10) December 8, 1977, the subject property was conveyed from Henry A. Morris jointly to Thomas E. Murrell and wife Susan L. Murrell and C. E. Murrell and wife Sharon M. Murrell, grantors, all of whom are appellants.

(11) December 13, 1977, an execution was issued on the judgment in the 164th Court's default judgment which on its face met all the requirements of law.

(12) December 16, 1977, the general warranty deed from Morris to the Murrells of the subject property was filed and recorded in the property records of Harris County, Texas.

(13) February 14, 1978, the aforesaid deed from Morris to the Murrells, was filed and recorded in the property records of Montgomery County, Texas.

The trial court heard testimony and admitted evidence at the hearing for the temporary injunction and denied the application. It is from this denial that appellants appeal.

■ Although appellants bring forth three points of error which address specific findings of the trial court, on appeal the scope of review is solely whether or not the trial court clearly abused its discretion in denying the temporary injunction. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). The trial court's discretion is exercised in relation to its determination of whether the applicant is entitled to a preservation of the status

quo pending trial on the merits. *Navarro Auto-Park, Inc. City of San Antonio,* 580 S.W.2d 339 (1979); *Brooks v. Expo Chemical Co.,* 576 S.W.2d 369 (1979). To warrant the issuance of the temporary injunction, the applicant need only show a probable right and probable injury. *Transport Co. of Texas v. Robertson Transport, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953).

In the case before us, the appellants attempt to demonstrate their probable right by bringing themselves within the protection of the recording statute, Tex.Civ.Stat. Ann. art. 6627. However, the undisputed facts on the face of the transcript show that none of the appellants are entitled to the protected status of bona fide purchasers for value without notice. This is because if appellants were *without notice* of the order of August 15, 1977, which set aside the default judgment of April 12, 1977, they then had notice of the default judgment which had been properly abstracted in the judgment records of Montgomery County. If they were *with notice* of the order of August 15, 1977, abstracted or not, they were placed on actual notice that the order was possibly void.

■ Actual knowledge embraces those things of which the one sought to be charged has express information and those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed. *Hexter v. Pratt,* 10 S.W.2d 692 (Tex.Comm'n App. 1928, jdgmt adopted). Although notice is a question of fact, *Hexter v. Pratt, supra,* every man is conclusively presumed to know the law. *E. H. Stafford Mfg. Co. v. Wichita School Supply Co.,* 118 Tex. 650, 23 S.W.2d 695. The law as it relates to the August 15, 1977 order is clearly expressed in Tex.R.Civ.P. 329b(5) which provides:

> After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review . . . ".

■ As the order of August 15, 1977 was obviously not a bill of review, appellants are not entitled to "close their eyes" as to its possible defects and are charged with notice of the continuing claim of Credit Alliance Corporation. As a matter of law there was no way that the appellants could avoid the actual notice created by the August 15, 1977 order. Even if the ultimate circumstances were such that the order was valid, the duty of inquiry raised from the face of the order charged them with the consequences of their purported reliance on it. The trial court, therefore, did not abuse its discretion in denying the application for a temporary injunction.

The judgment of the trial court is affirmed.

Affirmed.

## ON MOTION FOR REHEARING

■ In their motion for rehearing appellants strenuously argue that the trial court erroneously applied the law to undisputed facts and thereby abused its discretion. We agree that it is an accurate statement of the law that the trial court's discretion is not unlimited. *Southland Life Ins. Co. v. Egan,* 126 Tex. 160, 86 S.W.2d 722 (1935). If the facts are such that only questions of law are presented, the trial court's action is reviewable on appeal. *Tall Timbers Corp. v. Anderson,* 342 S.W.2d 452 (Tex.Civ.App. —Houston [1st Dist.]) *rev'd on other grounds* 162 Tex. 450, 347 S.W.2d 592 (1961). In this case the trial court was in error when it concluded that because the appellants failed to prove that they had no actual notice of the December 1, 1977 order that they were not entitled to a temporary injunction. We agree the December 1, 1977 order was *subsequent* to the conveyance from Logan to Morris so would not have affected their status at a point several weeks prior. However, erroneous conclusions of law are ineffectual to destroy findings of fact and do not require reversal by the appellate court where the proper judgment is rendered. Tex.R.Civ.P. 434; *Hoyt v. Geist,* 364 S.W.2d 461 (Tex.Civ.App.— Houston [1st Dist.] 1963, no writ); *Keith v. Connally,* 85 S.W.2d 788 (Tex.Civ.App.— Fort Worth 1935, no writ).

The trial court below rendered a proper judgment in denying the injunction. Looking at the trial court's findings of fact, which essentially correspond to stipulations filed by the parties prior to the hearing on the temporary injunction, and applying the law to these facts, appellants were unable to demonstrate their entitlement to a preservation of the status quo pending a final trial on the merits. Even if we had wished to, this court had no reason to decide a factual question, as the parties' stipulations and the findings of fact of the trial court show as a matter of law that the appellants had either constructive or inquiry notice. Neither was susceptible to being controverted at the hearing for temporary injunction and precluded the appellants from a showing of "probable right" which is necessary to entitle them to an injunction. It would have been an abuse of discretion for the trial court to grant the injunction in light of the undisputed facts.

Appellants' motion for rehearing is overruled.