In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00146-CV
______________________________


DARRIN R. TEAGUE, Appellant
Â 
V.
Â 
VICKY SEAGROVES, ET AL., Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 1-A Judicial District Court
Tyler County, Texas
Trial Court No. 18,665


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â On July 1, 2003, Darrin R. Teague, a Texas prison inmate, sued several correctional officers
and a grievance investigator employed by the Texas Department of Criminal Justice, Institutional
Division. Teague alleged the defendants damaged his stereo headphones, which he had left in
storage at the prison while being temporarily transferred to Smith County on a bench warrant. 
Teague also alleged the defendants illegally confiscated his headphones, one or more typewriter
ribbons, some clothing, and his electric razor. 
Â Â Â Â Â Â Â Â Â Â Â Â Teague had previously filed two grievances in an effort to recover his personal effects. The
first grievance, submitted March 24, 2003, was denied April 28, 2003. According to a document
entitled "Declaration of Ex[h]austion of Administrative Remedies," a second grievance investigator
denied Teague's "step two grievance" May 28, 2003. 
Â Â Â Â Â Â Â Â Â Â Â Â The defendants filed an answer to Teague's petition September 15, 2003. The defendants
also requested the trial court dismiss Teague's petition for two reasons: First, Teague had allegedly
failed to show he filed his lawsuit within the required thirty-day filing period. Second, Teague
allegedly did not demonstrate he had exhausted his administrative remedies. The trial court
dismissed Teague's lawsuit September 19, 2003, pursuant to Chapter 14 of the Texas Civil Practice
and Remedies Code. On appeal, Teague contends the trial court abused its discretion by dismissing
his lawsuit. We affirm.
Â Â Â Â Â Â Â Â Â Â Â Â We review a trial court's dismissal under Chapter 14 of the Texas Civil Practice and
Remedies Code for abuse of discretion. Smith v. Tex. Dep't of Criminal JusticeâInstitutional Div.,
33 S.W.3d 338, 339 (Tex. App.âTexarkana 2000, pet. denied). "The trial court abuses its discretion
if it acts without reference to any guiding rules or principles." Id. 
Â Â Â Â Â Â Â Â Â Â Â Â Chapter 14 of the Texas Civil Practice and Remedies Code governs lawsuits, except those
brought under the Texas Family Code, filed by inmates of the Texas Department of Criminal Justice. 
Tex. Civ. Prac. & Rem. Code Ann. Â§ 14.002 (Vernon 2002). The chapter further provides:
(a)Â An inmate who files a claim that is subject to the grievance system established
under Section 501.008, Government Code, shall file with the court:
(1)Â an affidavit or unsworn declaration stating the date that the grievance was
filed and the date the written decision described by section 501.008(d),
Government Code, was received by the inmate; and
(2)Â a copy of the written decision from the grievance system.
(b)Â A court shall dismiss a claim if the inmate fails to file the claim before the 31st
day after the day the inmate receives the written decision from the grievance
system.
Â 
Tex. Civ. Prac. & Rem. Code Ann. Â§ 14.005 (Vernon 2002). A trial court has a mandatory duty
to dismiss a claim that is filed late. Id.; Smith, 33 S.W.3d at 340 n.2. Further, the Chapter 14.005
affidavit or unsworn declaration must give both the date the grievance was filed and the date on
which a written decision was received. Draughon v. Cockrell, 112 S.W.3d 775, 776 (Tex.
App.âBeaumont 2003, no pet.). 
Â Â Â Â Â Â Â Â Â Â Â Â In this case, the grievance investigator denied Teague's "step two grievance" May 28, 2003. 
 Teague's "Declaration of Ex[h]austion of Adminstrative Remedies" does not state the date on which
he received notice the grievance had been denied. Teague's declaration therefore fails to comply
with the requirements of Article 14.005. Cf. id. (trial court properly dismissed suit where inmate
failed to file affidavit as required by Chapter 14). Accordingly, the trial court did not err by
dismissing Teague's suit because his affidavit does not comply with the requirements of Article
14.005.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice


Date Submitted:Â Â Â Â Â Â Â Â Â Â March 30, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 31, 2004




hat they are entitled to
summary judgment based on limitations because the time had run on the Frenches' lawsuit and that
due to the statements contained in the Frenches' pleadings in the federal suit, the statutory tolling
provision did not apply.

 B. Summary Judgment Evidence

 Gill and Riccio attached a number of documents as summary judgment evidence, but rely
largely on the federal pleading: "Plaintiffs' Second Amended Original Complaint."

 That document was filed by the Frenches in federal court January 28, 2004. In relevant part,
it reads as follows:

 6. There will no longer be diversity of citizenship between the parties to this
[federal] civil action with the joinder of Defendants, Brian James Gill and Giuseppe
V. Riccio, d/b/a Tigers Trucking Co. The amount in controversy, exclusive of
interest and costs, exceeds SEVENTY-FIVE THOUSAND AND NO/100
DOLLARS ($75,000.00). Jurisdiction will no longer exist pursuant to 28 U.S.C.
§Â 1392 and the Plaintiffs request that this proceeding be transferred to the State
District Court in Wood County, Texas.


 Another piece of Gill and Riccio's summary judgment evidence is the federal district court's
"Order Striking Plaintiffs' Second Amended Complaint." In relevant part, that document includes
the following language:

 On January 14, 2004, the Plaintiffs filed a motion for leave to file their second
amended complaint. The Court inadvertently granted said motion before the
Defendants in the case had adequate time to file their response. The Court's Order
(Docket No. 24) allowed the Plaintiffs leave to add Brian James Gill and Giuseppe
V. Riccio d/b/a Tigers Trucking Co. as Defendants in this matter.

 

 On January 30, 2004, the Defendants filed the instant motion to strike the
Plaintiffs' second amended complaint, noting that they [Defendants] were not
afforded an opportunity to respond. Because the Court ruled on the Plaintiffs' motion
before the expiration of the Defendants' deadline to respond, the Court will
reconsider the Defendants' motion to strike as if it were their original response to the
Plaintiff's motion for leave to amend.

 

 After reconsidering the Plaintiffs' motion for leave to amend and the
Defendants['] motion to strike, it is clear to the Court that the former should be
denied. The additional Defendants that the Plaintiffs wish to add are not
indispensable and were clearly added solely for the purposes of defeating diversity
jurisdiction. Further, there has already been extensive discovery in this case: the
Plaintiffs and Defendant Omang have served and responded to interrogatories and
requests for production; Defendant Omang has served depositions on written
questions to 17 of the Plaintiffs' healthcare providers, all of which have been
answered; Defendant Omang has served a deposition on written questions to the
Plaintiffs' former employer and has filed discovery pleadings regarding same with the
Court; the Plaintiffs and Omang have made not only their Initial Disclosures, but also
their Expert Disclosures, including production of all expert reports and other
materials.

 

 As an equitable matter, the Plaintiffs chose to seek damages from Omang and
Mr. Henderson. They also chose to pursue their claims in this Federal Court. To
justify their 10-month-long delay in adding these nondiverse, dispensable parties to
their lawsuit, the Plaintiffs claim they just now discovered that they need to join
Mr.Â Gill and his employer, Giuseppe V. Riccio d/b/a Tigers Trucking Co. However,
the Plaintiffs and their counsel have known of Mr. Gill, and all other witnesses to the
accident, since January 30, 2002. In the subsequent two-year period, the Plaintiffs
and their counsel made no effort to contact Mr. Gill or his employer, much less join
them in this case. Meanwhile, Defendant Omang has expended a significant amount
of time and resources in discovery for this case and in preparing its defense to this
case.

 

 Finally, the Plaintiffs have not shown that they will be prejudiced or how they
will be denied an adequate judgment or an adequate remedy of their claims if
Mr.Â Gill and his employer are not joined as Defendants. Accordingly, the Court will
now vacate its previous order granting the Plaintiffs leave to amend.


 C. The Frenches' Response to the Motion for Summary Judgment

 As its primary summary judgment evidence, counsel for the Frenches filed his own affidavit
in which he stated in relevant part as follows: 

 12. "As I stated during the oral argument on the MSJ prior to the appeal
in this case, I did not add Gill and Riccio to defeat jurisdiction. In fact, I had only
recently learned of their involvement and needed to file suit against them to toll the
statute of limitations and preserve Plaintiffs' rights."


 13. "Further, the case against Gill and Riccio was based on the same
nucleus of operative facts as the one against Henderson and Omang and I sought to
avoid piecemeal litigation of this matter. Filing it in federal court, whether it
defeated jurisdiction or not, was to keep the case as one."


 14. "Moreover, I did not add Gill and Riccio to defeat federal jurisdiction. 
I chose to file this case initially in federal court as there was diversity of the initial
parties. I would not seek to intentionally disregard the proper jurisdiction in a case
I filed in federal court." 


 15. "Initially, I thought that if jurisdiction was defeated, that the entire
case would be transferred to Wood County. I was relying upon the Freeport-McMoRan, Inc. v. KN Energy case and thought that the federal court might have been
able to retain jurisdiction had it wanted to, but that the decision would be up to the
federal court. In the event the federal trial court decided it did not want to retain
jurisdiction, I requested a transfer to state court."


 16. "Indeed, in Plaintiffs' Rejoinder to Defendants' Reply to Plaintiffs'
Response to Defendants' Motion for Summary Judgment, Plaintiffs argued that
diversity was not defeated as it was determined at the time of filing a lawsuit, based
on the same interpretation of Freeport-McMoran, Inc. v. K N Energy, Inc., 498 U.S.
426, 111 S.Ct. 858, 860 (1991). My interpretation was not an unreasonable one. 
Even the treatise O'Connor's Federal Rules * Civil Trials (2003) states, relying upon
Freeport-McMoran that 'Diversity is determined as of the date the action is
commenced.' See page 83, a copy of which is attached hereto as Exhibit A-5.["]


 17. "I did not, in any event, purposely ignore jurisdiction by filing in
federal court. That is where the case was pending originally and since the second set
of Defendants to be added were involved in the same accident, it only made sense to
add them to the lawsuit existing at the time, whether that meant the case would
remain in federal court or be transferred to state court."


 18. "I requested a transfer to state court in the event the federal court
determined that jurisdiction was no longer appropriate in federal court. This was to
conserve judicial resources and keep the case, which had already been on file for 10
months and for which most of the discovery was completed."


 19. Defendants make the following statement in their Motion for
Summary Judgment at page 2 which is patently false and without basis in fact: 
'Clearly, Plaintiffs added Mr. Gill and Mr. Riccio to destroy diversity jurisdiction.' 
Defendants do not cite to any evidence to support this statement. Further, as
explained above, this is illogical since Plaintiffs were the ones who chose to file in
the federal court to begin with. It does not make sense that some 10 months later,
well into the lawsuit, that Plaintiffs would then seek to destroy the jurisdiction they
chose."

 

 . . . .


 21. "Judge Steger's comment, which was dicta, that Plaintiff's addition of
Mr. Gill and Mr. Riccio was 'for the purposes of defeating diversity jurisdiction,' was
not based on any findings of fact. No testimony was taken and there was no basis
upon which to make this comment. As demonstrated above, this is illogical."


 D. The Frenches' Argument

 The Frenches argue that the language that they chose to use in their motions to the federal
court did not conclusively show that they intentionally disregarded proper jurisdiction when they
filed the first lawsuit. As previously discussed, under that exception to the application of the tolling
statute, if the record affirmatively establishes that jurisdiction did not lie in the tribunal in which the
proceeding was originally filed, the original lawsuit did not, as a matter of law, serve to toll
limitations. Therefore, the Frenches were time-barred from recovering from Gill and Riccio in state
court.

 There are three separate aspects to the Frenches' argument:

 1) The pleadings in the federal case cannot be classified as "judicial admissions"; thus, the
pleadings are not conclusive proof that the Frenches were aware of the impact of what they were
doing. As a result, summary judgment was therefore improper.

 2) There is "reliable authority" to support the Frenches' counsel's belief that diversity would
not be destroyed by adding the two nondiverse parties.

 3) The Frenches provided summary judgment evidence in which their counsel stated that
they did not intentionally file the case in the wrong court in an effort to destroy jurisdiction.

 1. Was There a Judicial Admission?

 Initially, we will look at whether the document itself constitutes a judicial admission. The
general language involving judicial admissions states that:

 Assertions of fact, not plead in the alternative, in the live pleadings of a party are
regarded as formal judicial admissions. A judicial admission that is clear and
unequivocal has conclusive effect and bars the admitting party from later disputing
the admitted fact. 


Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001) (citations omitted). 


 In a more typical scenario, courts acknowledge that although pleadings generally do not
constitute summary judgment proof, if a plaintiff's pleadings contain judicial admissions negating
a cause of action, summary judgment may properly be granted on the basis of the pleadings.
Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc., 192 S.W.3d 827, 835 (Tex.
App.--Fort Worth 2006, no pet.); see Brooks v. Ctr. for Healthcare Servs., 981 S.W.2d 279, 283
(Tex. App.--San Antonio 1998, no pet.). 

 All of those situations, however, explain the use of pleadings by a party in the suit in which
they were filed. This situation is, however, different. The pleading is not from this case. It is not
being used to prove or disprove the cause of action based on the Frenches' allegations or statements
of fact about the cause of action. It is used by the Frenches to prove that there was a prior case in
which the new defendants had been sued; thus, when those defendants were dropped, the tolling
provision allowed the Frenches to bring suit in state court. It is then used by Gill and Riccio as proof
that the Frenches knew that their addition of Gill and Riccio as new defendants would destroy
diversity and nevertheless added them in; therefore, the exception to the tolling provision applies,
and the Frenches' state lawsuit is untimely brought.

 As Gill and Riccio point out, a number of facts were pled by the Frenches in the federal
complaint, including the names and citizenship of the defendants. Based on those factual statements,
the Frenches then stated that no diversity of citizenship would continue to exist between the parties
and asked the federal court to transfer the proceeding to state district court. 

 The statement that diversity would be destroyed is not a factual statement. Rather, it is a
legal statement or conclusion based on stated facts. As such, it does not fit within the definition of
a judicial admission. 

 The Frenches' counsel goes further to maintain that the statement in federal court pleadings
could not possibly be a judicial admission because it is not a live pleading (in this lawsuit). That
aspect of his argument is not persuasive. The facts stated in the pleading are not contested and were
not part of alternative pleadings. The fact that the federal lawsuit is no longer being pursued is not
a reason to conclude that the facts stated have no further usefulness to prove the Frenches' intent and
knowledge when causing them to be filed.

 In applying this particular statute, as pointed out by Gill and Riccio, one primary way to
prove intentional disregard is by looking at the face of the pleadings filed in the first lawsuit. See
Gordon v. Staudt, No. 03-02-00768-CV, 2004 Tex. App. LEXIS 1685, at *9 (Tex. App.--Austin
Feb. 20, 2004, pet. denied); Parker, 216 S.W.3d at 910; Williamson v. John Deere Co., 708 S.W.2d
38, 39-40 (Tex. App.--Tyler 1986, no writ) (all using the pleadings from the prior lawsuits to
determine limitations--and the application of the exceptions--under this section).

 Accordingly, although it does appear that the pleading did make certain formal judicial
admissions of fact, the part upon which Gill and Riccio rely is not an admission of fact; it is, rather,
a statement of the application of the law to those facts.

 It is very clear, however, that the pleading is a statement by the Frenches' counsel reflecting
his understanding that his action in including Gill and Riccio as defendants would destroy diversity;
the case thereafter lacking diversity of parties, the jurisdiction of the federal court to hear the suit
would be destroyed. (2) 

 Although the statement is not a "fact" as to actual jurisdictional authority, it may well be a
"fact" as to whether the Frenches filed their action against Gill and Riccio in federal court with
intentional disregard of its jurisdiction to hear the case.

 E. Determining Intent

 Even though the pleading filed by the Frenches in federal court is not a judicial admission,
it nonetheless provides summary judgment evidence of much more than simply the date of its filing. 
The question before us is whether the Frenches' counsel's unequivocal and clear statement that
adding the new players would defeat jurisdiction conclusively shows that he made the filing with
intentional disregard of the proper jurisdiction. 

 On its face, it does. The filing of the petition which included nondiverse parties clearly sets
out the facts defeating diversity and then correctly states the legal impact of those facts. It then goes
on to, based on the termination of the court's jurisdiction, request the federal court to transfer the
proceeding to state court.

 The Frenches argue that because they have provided summary judgment evidence by their
counsel's affidavit, they have sufficiently explained the motive for filing in federal court to enable
them to avoid summary judgment. Looking at counsel's affidavit critically, it states that he did not
intend to add the additional parties in an effort to defeat jurisdiction; rather, that he did so to toll
limitations and that he had thought that if jurisdiction was defeated, the federal court could
nonetheless either transfer the case to state court or retain jurisdiction. He states repeatedly in
multiple paragraphs that he did not ignore jurisdiction.

 The Frenches' counsel's affidavit does not directly address the dispositive issue. It answers
another and different question: whether he had the intention to defeat jurisdiction. Counsel's
affidavit states that he did not intend to defeat jurisdiction. 

 The question here is not whether he intended to defeat jurisdiction but whether he filed in
conscious disregard of proper jurisdiction. Those are different propositions. Although these
arguments bear some real similarity, they do not intersect. 

 The Frenches' counsel's affidavit also stated that he had believed that the federal court might
have been able to retain jurisdiction over the entirety had it chosen to do so. That was a mistake in
an understanding of the law, not a mistake of fact. As pointed out by the Eastland court in Parker,
the issue focused on the question of whether the record showed that claimant had made "a good faith
mistake" by initially filing in a (federal) court without jurisdiction over the claim. (3) The court found
that the claimant had not acted in good faith (recognizing that the party's factual complaint, if taken
as true, affirmatively established that the other tribunal had no jurisdiction) and that it was not
necessary for the defendants to prove that Parker "consciously appreciated this because her
knowledge of the law is imputed." Parker, 216 S.W.3d at 910. The court concluded that absent
some evidence of accident or mistake of fact, the filing of a suit with a pleading which, on its face,
establishes the court's lack of jurisdiction does not invoke the tolling provision. 

 In its analysis, the Parker court recognized that Parker's construction of the section that he
claimed provided jurisdiction was incorrect, and that whether Parker was conscious of this was
immaterial, due to the fact that all persons are presumed to know the law and are charged with
knowledge of statutory provisions. (4) Id. at 911; Virtual Healthcare Servs., Ltd. v. Laborde, 193
S.W.3d 636, 644 (Tex. App.--Eastland 2006, no pet.). All are presumed to know the law. Redmon
v. Griffith, 202 S.W.3d 225, 238 (Tex. App.--Tyler 2006, pet. denied). (5)
 

 In this case, the Frenches' counsel argues that he misunderstood the import of the law, and
that a question of fact exists as to whether he simply made a mistake or intended to defeat the
jurisdiction of the federal court. We conclude that this is a distinction without a difference. He is
charged with knowledge of the law, and there is no suggestion that there were any mistaken
understandings of fact (such as the residence of the parties or the situs in which an event occurred)
that could support any suggestion of mistaken application of that law. The only evidence on point
thus shows that his filing was made in intentional disregard of the jurisdiction of the federal court. 
Because there was intentional disregard of the jurisdiction, the tolling does not occur and limitations
barred the prosecution of the lawsuit.

 We affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: April 2, 2008

Date Decided: April 16, 2008
1. French v. Gill, 206 S.W.3d 737 (Tex. App.--Texarkana 2006, no pet.).
2. Gill and Riccio point out that the Frenches never argued to the trial court that the pleading
could not be considered as summary judgment proof and also points to our opinion in the earlier
appeal, in which we also pointed out that the Frenches had offered the documents for the summary
judgment proceedings, and declining to "reward the Frenches for complaining the trial court erred
by considering the very evidence they originally offered and certified as authentic." French, 206
S.W.3d at 741.
3. Parker, 216 S.W.3d at 910.
4. N. Laramie Land Co. v. Hoffman, 268 U.S. 276, 283 (1925); Greater Houston Transp. Co.
v. Phillips, 801 S.W.2d 523, 525 n.3 (Tex. 1990).
5. It is a maxim that all persons are presumed to know the law. Greater Houston Transp. Co.,
801 S.W.2d at 528 n.3 (citing E.H. Stafford Mfg. Co. v. Wichita Sch. Supply Co., 118 Tex. 650, 23
S.W.2d 695, 697 (1930)). A parallel maxim is that ignorance of the law is no excuse. Cherokee
Water Co. v. Forderhause, 727 S.W.2d 605, 615 (Tex. App.--Texarkana 1987), rev'd on other
grounds, 741 S.W.2d 377 (Tex. 1987); Goss v. Bobby D. Assocs., 94 S.W.3d 65, 69 (Tex.
App.--Tyler 2002, no pet.).