**Dissenting Opinion to the Order of October 22, 2019, Granting En Banc Review, and the Order of October 22, 2019, Granting Oral Argument, filed October 22, 2019.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00062-CV

## IN THE INTEREST OF L.C.L. AND M.E.M., CHILDREN

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-03785J**

## DISSENTING OPINION

I respectfully dissent from the majority vote (5-4) of the en banc Court to review this case en banc and to hold oral argument in this case.

This is an appeal from a judgment terminating parental rights, and as such, it is governed by specific deadlines. In 2011, the legislature required the Texas Supreme Court to adopt rules accelerating an appellate court's disposition of an appeal from an order terminating a parent-child relationship. *See* TEX. FAM. CODE ANN. § 263.405(c). Pursuant to that mandate, the Rules of Judicial Administration

were amended to require an appellate court to bring such an appeal "to *final* disposition . . . [w]ithin 180 days of the date the notice of appeal is filed." TEX. R. JUD. ADMIN. 6.2(a) (emphasis added). By granting en banc review of this case, the majority violates this rule, as is shown by the chronology of this appeal:

Notice of Appeal filed: January 18, 2019
Appellant's brief filed: April 19, 2019
Case submitted on the merits: May 29, 2019
Panel opinion issued: July 16, 2019, with dissent to follow
**180-day deadline: July 17, 2019**
Dissenting Opinion issued: September 24, 2019
En banc review granted (5-4): October 22, 2019
Court orders oral argument (5-4): October 22, 2019

We are now 90 days past our deadline, with no new majority opinion in sight. The issue raised by the dissent was waived (both in the trial court and in the appellate court) and the panel opinion affirmed termination on an alternative ground. Those facts should have deterred a vote for en banc review, but they did not.

The dissenting panelist contends that Mother's due-process rights were violated because she was not given a service plan in Spanish, but there was no such objection in the trial court and Mother did not raise this issue in her brief. Under clear Texas Supreme Court precedent, this due-process argument was waived. *See In re L.M.I.*, 119 S.W.3d 707 (Tex. 2003) (a due-process complaint that the father's affidavit of relinquishment of parental rights was not translated into Spanish was waived by failure to raise the issue in the trial court).

"[O]ur well-established error-preservation rules . . . preclude a party from seeking appellate review of an issue that the party did not properly raise in the trial court." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 516 (Tex. 2015). This is true even of constitutional complaints. *See Tex. Dep't of Protective &*

2

*Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (constitutional claim on appeal in paternity suit waived by failure to raise complaint at trial).

The Texas Supreme Court has been equally emphatic that an appellate court is "without authority" to consider a complaint that was not raised on appeal. *Elliff v. Texon Drilling Co.*, 146 Tex. 575, 579, 210 S.W.2d 558, 560 (1948); *see also Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 726 (Tex. 2016) (because appellant did not re-urge argument in the appellate court, the matter "was not properly before the court of appeals, and reversal of the trial court's judgment on that basis was improper").

These are not the only reasons that the case should not be reheard en banc. Mother's failure to follow her service plan was only one of the grounds on which her parental rights were terminated; there were additional, independent grounds for termination. *See generally* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), and (O). A panel of this court affirmed the termination on subsection E—that Mother endangered her children, primarily by her continued use of cocaine. The dissenting opinion did not address why this conclusion lacked evidentiary support. The Texas Supreme Court consistently has held that "only one ground is required to terminate parental rights." *See In re S.M.R.*, 434 S.W.3d 576, 580 (Tex. 2014) ("[C]lear and convincing proof of any one ground will support a judgment terminating parental rights."). Under Texas law, Mother is conclusively presumed to have known that she should not use illegal drugs—even if she was not so instructed in a Spanish-language service plan. *See E.H. Stafford Mfg. Co. v. Wichita Sch. Supply Co.*, 23 S.W.2d 695, 697 (Tex. [Comm'n App.] 1930) ("The rule is too elementary to require the citation of authority that all persons are conclusively presumed to know the law."); *accord*, *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 n.3 (Tex. 1990) ("[A]ll persons are presumed to know the law.").

Finally, the general rule is that, as an appellate court, "we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds." *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003). For all of the reasons above, it is unnecessary to reach the due-process concerns that the majority of the en banc court have chosen to address.

Thus, I respectfully dissent.

/s/    Tracy Christopher
Justice

The En Banc Court consists of Chief Justice Frost and Justices Christopher, Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, and Poissant. Justices Bourliot, Zimmerer, Spain, Hassan, and Poissant join the En Banc Order. Chief Justice Frost and Justices Christopher, Wise, and Jewell dissent to the En Banc Order. Justice Christopher authors a Dissenting Opinion, in which Justices Wise and Jewell join.

Publish

4